## Jordan, Marsh & Co. *v.* David G. Hall and others.

The National Bankrupt Act of 1867, Chapter 91, Second Session Thirty-Ninth Congress, does not suspend, or supersede the *Poor Debtor's Act* of Rhode Island, (Revised Statutes, Title 8, Chapter 198), although, as held by the court in the matter of *Reynolds*, 8 R. I. 485, it has, to the extent of its application, suspended the *insolvent law* of the State, (Revised Statutes, Title 28, Chapter 200.)

Action of debt on bond given by one Amos Aldrich as principal, with David G. Hall and J. Collins Gould as sureties, for the liberty of the jail yard. A jury trial having been waived, the case was submitted to the court upon an agreed statement of facts, from which it appeared that the plaintiffs, at the December term, 1867, of the Court of Common Pleas for the county of Providence, obtained judgment against said Amos Aldrich on the 26th day of February, 1868, in an action of assumpsit on book account, for goods sold and delivered, for $394.53 debt, and $13.15 costs, and the defendant, on June 2d, 1868, was duly committed to the Providence county jail upon the execution issued on said judgment, and thereupon gave, with the defendants as sureties, the jail limit bond. The said Aldrich then took out his citation to the plaintiffs, to show cause why he should not be admitted to take the poor debtor's oath, under chapter 198 of the Revised Statutes; and upon the return of said citation, and a hearing thereon, the plaintiff then and there protesting against the jurisdiction of the magistrates, was admitted to take the poor debtor's oath, and was thereupon discharged in the usual form under said chapter 198, and after such discharge, went off and beyond the limits of the jail.

It was agreed, that if the court should hold that the magistrates had jurisdiction, and the statute under which said proceedings were had, was then in force and not suspended by the bankrupt act, judgment should be entered for the defendants for costs, otherwise for the plaintiffs.

*James Tillinghast, for the plaintiffs:*—

I. The exercise by Congress of its constitutional power to establish a uniform law upon the subject of bankruptcies throughout the United States, supersedes state legislation upon the same subject; and, *ipso facto*, while the act of Congress remains in force, suspends the operation of all existing state laws upon persons and cases within the purview, and that conflict in their operation with the provisions of such act of Congress. *Sturgis* v. *Crowninshield*, 4 Wheat. 122; *Ex-parte Eames*, 2 Story, 322; *Griswold* v. *Pratt*, 9 Met. 16; *Commonwealth* v. *O'Hara*, 6 Am. Law Reg. (new series) 765; *May* v. *Bread*, 7 Cush. 40; *Goodwin* v. *Sharkie*, N. Y. C. C. Pleas, (Barrett, J.) Mar. 19, 1868; *In the Matter of Reynolds*, 8 R. I. 485.

II. Our poor debtor's act, as it now stands, and as it has been since 1844, when the general assignment by the petitioning debtor was first required as a condition of his discharge, is practically, as relates to the debtor's estate, and its distribution among his creditors, an insolvent law; and conflicts with the bankrupt act as directly, and in the same way, as our state insolvent act; and is, therefore, suspended by it for the same reasons as this court has already held the insolvent act to be suspended. *In the Matter of Reynolds*, 8 R. I. 485; and see cases *supra*; *Perry* v. *Langley*, Am. Law Reg. (new series,) May 18, 1868, p. 429.

*Updike and S. A. Cooke, Jr., for the defendants:*—

I. The legislature of the state, so far as relates to their own process, have a right to abolish imprisonment for debt altogether, and such law may extend to present as well as to future imprisonment. If such a general law would be valid under the constitution of the United States, the state of Rhode Island has the right of applying the same remedy to individual cases. *Mason* v. *Haile*, 12 Wheat. 378; *In the Matter of Reynolds*, 8 R. I. 485.

II. The legislature of this state, in the exercise of its constitutional authority, has provided a relief for poor debtors imprisoned, so that such debtors may, by conforming to the laws, be relieved from commitment on account of debt.

III. Under a bond to remain a true prisoner until lawfully

discharged, a discharge under an act or statute of the state legislature, passed to relieve a debtor from imprisonment, is a lawful discharge, and the sureties on the limit bond are relieved from any liability under the bond. *Mason* v. *Haile, supra.* A lawful discharge, in its general significance, will extend to and be satisfied by any discharge obtained under the legislative authority of the state.

IV. It was not the intention of the framers of the constitution to prohibit the passage of all insolvent laws. *Sturgis* v. *Crowninshield,* 4 Wheaton, 200.

V. The statute for the relief of poor debtors imprisoned is not inconsistent with the operations of the national bankrupt act.

VI. The state has the right to regulate the way, and to provide in what manner a debtor committed on a process of its own courts, may be relieved from imprisonment in its own jails.

VII. The power delegated to Congress to establish uniform laws upon the subject of bankruptcies throughout the United States, does not interfere with, and is not inconsistent with the reserved rights of the people of the several states to pass necessary and humane laws for the relief of citizens imprisoned for debt. Much less can the bankrupt law restrict the states in the exercise of their powers of passing and rendering operative laws of relief to their imprisoned citizens, when the bankrupt act does not afford such relief in all cases.

DURFEE, J. The plaintiff claims that the discharge of Amos Aldrich as a poor debtor is void under the bankrupt act of the United States, and refers, in support of his position, to the opinion of this court in the matter of the insolvent petition of Gideon Reynolds, and to the cases which are there cited, and some other cases. In the case of Gideon Reynolds, an insolvent petition, preferred after the bankrupt act had gone into effect, by a person within its purview, was dismissed on the ground that the bankrupt act, to the extent of its application, had suspended the insolvent law of the state.

The decision rests upon the ground that, in the broad sense in which the word " bankruptcies " is used in the constitution of the United States, insolvency is a species of bankruptcy, and

that when the power vested in Congress to establish uniform laws on the subject of bankruptcies throughout the United States has been once exercised, the power of the states over the same subject is, *ipso facto*, to the extent of such exercise, suspended or superseded.

The law for the relief of poor debtors and the insolvent law of the state differ in respect to the extent of the relief which they respectively afford, and in their provisions in regard to the assignees under the assignments required by both of them as a prerequisite to the relief which they afford.

*First.* The insolvent law affords the successful applicant under it, exemption or release from arrest or imprisonment on account of all debts or pecuniary claims existing against him prior to his application, unless incurred by a promise of marriage, or originating in tort or criminal conduct. The law for the relief of poor debtors, at most, simply relieves the poor debtor, if successful in his application, from arrest or imprisonment in respect of the debt or claim which is the subject of the suit in which his application is made. It affects none of his creditors, except the prosecuting or committing creditor, otherwise than by the assignment which he is required to make.

*Second.* The same kind of assignment is required as a prerequisite to relief under both laws; but the assignee under the insolvent law is required to be sworn, and may be required to give bond for the faithful performance of the trust, his powers and duties touching which are quite carefully specified ; he is also specially entitled to the assistance of the Supreme Court, or of the justices thereof, and specially subjected to its supervision, being in these respects recognized apparently as a public officer or agent of the court rather than as the mere trustee for the creditors. On the other hand, the assignee, under the law for the relief of poor debtors, is the keeper of the jail, if the debtor applies for relief after commitment,—if before, he is required to be a resident of the state, and is appointed by the court or magistrates, who administer the oath, but he is not sworn as assignee, nor is he clothed by the law with any special powers or duties, except that when he is the keeper of any jail,

the assignment runs to him and "his successor in office," as well as to heirs and assigns, &c., and such keeper is expressly exempted from liability for any property except such as actually comes to his hands, provided he shall re-assign, in the manner prescribed, to the committing creditor, if a resident of this state, on his request, or to such person, being a resident thereof, as such creditor shall name. Thus, the poor debtor's assignee, as such, does not appear to be recognized as having any official character, and there is no tribunal of the state which is charged with any duty in relation to the trusts of the assignment any more than in the case of an assignment at common law. We do not perceive anything in the case of a poor debtor's assignment, however it might be with an insolvent's, which would necessarily occasion any conflict of jurisdiction between the state and the United States, even if a United States Court should undertake to dispossess the assignee of the assigned property, in favor of an assignee in bankruptcy.

In the points in which the two laws differ, the insolvent law of the state is more nearly allied to the bankrupt act than the law for the relief of poor debtors ; but we see no reason why either law should be thought to trench improperly upon the provisions of the bankrupt act, unless it be because of the assignments required, or of some proceeding which may be had under them. Further, we see no reason why the law for the relief of poor debtors should be regarded as obnoxious to such an objection, because of the assignment required of the poor debtor, unless the same kind of an assignment made by him, independently of any statutory proceeding, would be regarded as repugnant to the bankrupt act, and therefore invalid, which, in the absence of fraud or of any intention to evade or defeat the bankrupt act, there is good authority for thinking it would not.

In the matter of *Hawkins's Appeal*, 8 Am. Law Reg. (N. S.) 205, it was decided by the Supreme Court of Errors of Connecticut, that a voluntary assignment by a debtor, good at common law and made in the form prescribed by the insolvent law of the state, was valid, although the United States bankrupt act was in existence and applicable to the case at the time of the assignment.

In the case of *John Sedgwick, assignee,* v. *James R. Place et al.,* (cited in the above named case, and also reported in the New York Times,) the United States Circuit Court for the Southern District of New York refused to set aside an assignment made under the statute law of the state of New-York, and to take the assigned property out of the hands of the assignees under the state law and turn it over to the assignee in bankruptcy, all intention to defraud creditors or to prevent the property of the debtor coming to the assignee in bankruptcy being denied by the parties, and there being no proof to the contrary. The decision was made by Justice Nelson, and is entitled to the more weight as coming from a court of the United States.

The bankrupt act provides a system of general relief, and in this respect is well calculated to supersede and supply the place of the insolvent law of the state, but it contained no provisions specifically adapted to the case of a poor debtor imprisoned, or liable to be imprisoned, for debt. Such a debtor is relievable, if at all, under the bankrupt act, only by proceeding in the ordinary mode, which might in some cases prove impracticable. In view of this, we do not incline, in the absence of convincing reasons, to hold that our poor debtor's law has been suspended or superseded by the bankrupt act.

Upon the whole, we are not satisfied that the discharge of Amos Aldrich is void for any reason assigned by the plaintiffs, and shall therefore give the defendants judgment for their costs.

*Judgment for defendants for costs.*